1  **McGLINCHEY STAFFORD**
   Brian A. Paino (SBN 251243)
2  John Calvagna (SBN 182609)
   Hassan Elrakabawy (SBN 248146)
3  18201 Von Karman Avenue, Suite 350
   Irvine, California 92612
4  Telephone:   (949) 381-5900
   Facsimile:   (949) 271-4040
5  Email:      bpaino@mcglinchey.com
               jcalvagna@mcglinchey.com
6              helrakabawy@mcglinchey.com

7  Attorneys for *Defendant* **SELECT PORTFOLIO SERVICING, INC. (erroneously named as "Select Portfolio Services, Inc.")**

8

9              **UNITED STATES DISTRICT COURT**

10     **CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

| | |
|---|---|
| 11  ALBERTO MARTINEZ ZEPEDA, an individual, | Case No.: 5:14-cv-02255-VAP-DTB |
| 12         Plaintiff, | Assigned to: Hon. Virginia A. Phillips |
| 13     v. | **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES** |
| 14  SELECT PORTFOLIO SERVICES, INC. A UTAH Corporation, and BANK OF AMERICA The SUCCESSORS and ASSIGNS OF COUNTRYWIDE LOANS and DOES 1-20, INCLUSIVE, | |
| 17         Defendants. | Superior Court Case No.: CIVDS 1414576 Action Filed:   October 1, 2014 Trial Date:      NA |
| 19 | **Hearing**: Date:       January 5, 2015 Time:       2:00 p.m. Ctrm:       2 |
| 22 | Filed concurrently with: Request for Judicial Notice [Proposed] Order |

24     **TO ALL INTERESTED PARTIES**:

25         **PLEASE TAKE NOTICE** that, on January 5, 2015, or as soon thereafter as

26  the matter may be heard, in Courtroom 2 of the above-entitled court, located at 3470

27  Twelfth Street, Riverside, CA 92501, *defendant* Select Portfolio Servicing, Inc.[1]

28  _____
[1] SPS was erroneously sued herein as "Select Portfolio Servic**es**, Inc."

("SPS") will, and hereby does, move the Court, to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6).

As set forth more fully in the accompanying Memorandum of Points and Authorities (the "Memorandum"), this motion is made on the ground that *plaintiff* Alberto Martinez Zapeda's ("Plaintiff") complaint (the "Complaint") fails to state a claim against SPS upon which relief can be granted.

This motion is based on the attached Memorandum, the Request for Judicial Notice filed concurrently herewith, the pleadings and papers on file herein, and upon such oral and documentary evidence as may be presented by the parties at the hearing.

DATED: November 10, 2014          **McGLINCHEY STAFFORD**

By: */s/   Brian A. Paino*
    BRIAN A. PAINO
    JOHN CALVAGNA
    HASSAN ELRAKABAWY
Attorneys for *Defendant* **SELECT PORTFOLIO SERVICING, INC. (erroneously named as "Select Portfolio Services, Inc.")**

## LOCAL CIVIL RULE 7-3 CERTIFICATION

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on October 22, 2014. While the parties have not reached a formal resolution of this action as of this date, they continue to discuss settlement and are hopeful that they will be able to resolve the matter prior to the hearing on this motion.

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................ 1

II.   STATEMENT OF FACTS ................................................................. 2

    A.   THE LOANS ............................................................................. 2

    B.   THE DEFAULT ........................................................................ 2

    C.   THE LAWSUIT ....................................................................... 3

III.  LEGAL STANDARD ...................................................................... 3

IV.  ANALYSIS ....................................................................................... 4

    A.   PLAINTIFF'S WRONGFUL FORECLOSURE CLAIM IS NOT RIPE ......................................................................................... 4

    B.   PLAINTIFF HAS NOT OTHERWISE STATED A VIABLE CLAIM FOR WRONGFUL FORECLOSURE ................................ 5

        1.   Failure to Satisfy Rule 8 Standard ................................. 5

        2.   Failure to Tender ........................................................... 5

        3.   Homeowner Bill of Rights .............................................. 7

            a.   Section 2923.5……………………………………………...7

    C.   PLAINTIFF FAILS TO STATE A CLAIM FOR NEGLIGENT MISREPRESENTATION ......................................................... 9

    D.   PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT ........................................................................... 11

    E.   PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF THE IMPLIED COVENANT ................................................... 12

    F.   PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF CAL. BUS. & PROF. CODE § 17200 ...................................... 13

        1.   Plaintiff Lacks Standing ................................................. 14

        2.   Unlawful ...................................................................... 14

V.   CONCLUSION ................................................................................ 16

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Federal Cases**

4

*Ashcroft v. Iqbal,*
5
    556 U.S. 662 (2009).................................................................................................3

6

*Bell Atlantic v. Twombly,*
7
    550 U.S. 544 (2007)............................................................................................3, 4

8

*Bly–Magee v. California,*
    236 F.3d 1014 (9th Cir. 2001) ...........................................................................9

9

*Cervantes v. Countrywide Home Loans, Inc.,*
10
    656 F.3d 1034 (9th Cir. 2011) ...........................................................................5

11

*Emrich v. Touche Ross & Company,*
    846 F.2d 1190 (9th Cir. 1988) ...........................................................................4

12

*Foster v. SCME Mortgage Bankers, Inc.,*
13
    2010 WL 1408108 (E.D. Cal. 2010).................................................................4

14

*Lazy Y Ranch Ltd. v. Behrens,*
15
    546 F.3d 580 (9th Cir.2008) ..............................................................................4

16

*Love v. United States,*
    915 F.2d 1242 (9th Cir.1990) ............................................................................4

17

*Marsu B.V. v. Walt Disney Co.,*
18
    185 F.3d 932 (9th Cir.1999) ............................................................................12

19

*Moore v. Kayport Package Express, Inc.,*
20
    885 F.2d 531 (9th Cir. 1989) .............................................................................9

21

*Neilson v. Union Bank of California, N.A.,*
    290 F. Supp. 2d 1101 (C.D. Cal. 2003) ............................................................9

22

*Nissim v. Wells Fargo Bank, N.A,*
23
    2014 WL 4421384 (N.D. Cal. 2014) .................................................................4

24

*Swartz v. KPMG LLP,*
    476 F.3d 756 (9th Cir. 2007) .............................................................................9

25

*Tidenberg v. Bidz.com,*
26
    2009 WL 605249 (C.D. Cal. 2009)..................................................................10

27

28

ii

**State Cases**

*Bentley v. Mountain*,
 51 Cal.App.2d 95 (1942) ...............................................................................11

*Berryman v. Merit Prop. Mgmt., Inc.*,
 152 Cal.App.4th 1544 (2007) .........................................................................15

*Cansino v. Bank of Am.*,
 224 Cal.App.4th 1462 (2014) .........................................................................15

*Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.*,
 2 Cal.4th 342 (1992) ................................................................................12, 13

*Cel–Tech Comms., Inc. v. Los Angeles Cellular Telephone Co.*,
 20 Cal.4th 163 (1999) .............................................................................13, 14

*Daro v. Superior Court*,
 151 Cal.App.4th 1079 (2007) .........................................................................14

*First Commercial Mortgage Co. v. Reece*,
 89 Cal.App.4th 731 (2001) .............................................................................11

*Fox v. Pollack*,
 181 Cal.App.3d 954 (1986) ..............................................................................9

*Krantz v. BT Visual Images*,
 89 Cal.App.4th 164 (2001) .............................................................................15

*Kwikset Corp. v. Superior Court*,
 51 Cal.4th 310 (2011) ....................................................................................14

*Levy v. State Farm Mut. Auto. Ins. Co.*,
 150 Cal.App.4th 1 (2007) ...............................................................................11

*Multani v. Witkin & Neal*,
 215 Cal.App.4th 1428 (2013) ...........................................................................6

*Nein v. HostPro, Inc.*,
 174 Cal.App.4th 833 (2009) ...........................................................................12

*Pasadena Live, LLC v. City of Pasadena*,
 114 Cal.App.4th 1089 (2004) .........................................................................12

**State Statutes**

Cal. Business & Professions Code § 17200 ...........................................................13

Cal. Business & Professions § 17204 ....................................................................14

NOTICE OF MOTION AND MOTION TO DISMISS - CASE NO. 5:14-CV-02255-VAP-DTBx

503061.1

Cal. Civil Code § 2923.5 ................................................................................7, 8, 9

Cal. Civil Code § 2923.5(a)(2) ............................................................................7

Cal. Civil Code § 2923.5(b) .................................................................................8

Cal. Civil Code § 2923.5(e) ..............................................................................7, 8

Cal. Civil Code § 2923.5(e)(1) ............................................................................8

Cal. Civil Code § 2924 .......................................................................................13

Cal. Civ. Code § 2924.15 .....................................................................................8

Cal. Civil Code § 2927 .......................................................................................13

**Rules**

Federal Rule of Civil Procedure 8 ....................................................................3, 5

Federal Rule of Civil Procedure 8(a)(2) ..............................................................3

Federal Rule of Civil Procedure 9 .....................................................................10

Federal Rule of Civil Procedure 9(b) ...................................................................9

Federal Rule of Civil Procedure 12(b)(6) ............................................................4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Through this action, Plaintiff seeks to prevent the foreclosure sale of his residence (defined below). He admits to being over $120,000 in arrears on his loan secured by the property. Notwithstanding this admission, he alleges that SPS is not entitled to proceed with a foreclosure sale. Although not entirely clear, Plaintiff's claims appear to be based on his contention that SPS and *co-defendant* Bank of America, N.A. ("BANA")[2] failed to properly consider him for foreclosure avoidance alternatives. Despite his efforts, Plaintiff has failed to state a cognizable claim against SPS.

As an initial matter, Plaintiff's claim for wrongful foreclosure fails for lack of ripeness because there has been no foreclosure sale. Even if there had been, Plaintiff has not alleged that he is willing or able to tender the full amount due on the subject loan, thereby precluding him from asserting a claim for wrongful foreclosure. His wrongful foreclosure claim otherwise fails to establish that SPS violated California law in initiating foreclosure proceedings against his residence. Plaintiff's negligent misrepresentation claim is similarly deficient. Not only does he fail to differentiate between Defendants and the two loans at issue, but he does not allege to have detrimentally relied on any specific misrepresentation made by SPS. Thus, he cannot state a claim for negligent misrepresentation.

With respect to Plaintiff's contract-based claims, there are insufficient allegations in the Complaint to establish that SPS breached any provision under its contract with Plaintiff. Likewise, the Complaint does not establish that SPS engaged in any act that frustrated Plaintiff's rights under that contract. Plaintiff therefore has failed to state a claim for breach of contract or breach of the implied covenant. Finally, Plaintiff lacks standing to assert a claim for unfair competition. More critically, he has failed to allege that SPS engaged in any unlawful conduct. As a

---

[2] SPS and BANA are collectively referred to herein as the "Defendants."

consequence, Plaintiff has not established that SPS is liable under the "unlawful" prong of California's unfair competition statute. For these reasons, as explained more fully herein, the Complaint should be dismissed.

## II.   STATEMENT OF FACTS

### A.   The Loans

On or about May 17, 2007, Plaintiff obtained a mortgage loan (the "Loan") from Countrywide Home Loans, Inc., dba America's Wholesale Lender ("CHL") in the original principal sum of $1,000,000.00, which was reflected in a promissory note (the "Note") secured by a deed of trust (the "Deed of Trust") encumbering the real property located at 12888 Black Creek Court, Rancho Cucamonga, CA 91739 (the "Property"). (*See* Compl., ¶ 6, **Exhibit A**). That same day, Plaintiff obtained a revolving line of credit (the "Credit Line") from Countrywide Bank, FSB ("CB") with a limit of $228,500, which was reflected in a revolving line of credit agreement secured by a separate deed of trust (the "Second Trust Deed") encumbering the Property. (*See* Compl., ¶ 5, **Exhibit A**).

The Bank of New York Mellon, fka The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust, 2007-19, Mortgage Pass-Through Certificates, Series 2007-19 is the beneficiary of record under the Deed of Trust. (*See* Request for Judicial Notice ("RJN"), **Exhibit A**). BANA is the beneficiary of record under the Second Trust Deed. (*See* RJN, **Exhibit B**).

### B.   THE DEFAULT

As a result of Plaintiff's default on over $120,000 worth of payments due under the Loan, on June 2, 2014, a Notice of Default and Election to Sell Under Deed of Trust (the "NOD") was recorded against the Property. (*See* Compl., ¶ 20, **Exhibit A**; RJN, **Exhibit C**). Following Plaintiff's failure to cure the default, on September 17, 2014, a Notice of Trustee's Sale (the "NOS") was recorded against the Property. (*See* RJN, **Exhibit D**). The NOS put interested parties on notice that the Property would be

**MEMORANDUM OF POINTS AND AUTHORITIES**

1   sold at a public auction on October 13, 2014. (*See id.*) Plaintiff does not allege that the
2   sale has been completed. (*See generally* Complaint).

3   ### C.   **THE LAWSUIT**

4   Prior to the scheduled trustee's sale, on October 1, 2014, Plaintiff commenced
5   this action by filing the aforementioned Complaint, which names SPS and BANA as
6   defendants, and seeks, among other things, an injunction preventing either entity from
7   completing a foreclosure sale of the Property.

8   ## III.   **LEGAL STANDARD**

9   Pursuant to Federal Rule of Civil Procedure 8, a complaint "must contain a
10  short and plain statement of the claim showing that the pleader is entitled to relief…"
11  Fed. R. Civ. P. 8(a)(2). While the Federal Rules adopt a flexible pleading policy,
12  every complaint must, at a minimum, "give the defendant fair notice of what
13  the…claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S.
14  544, 555 (2007) (citations omitted). Although a complaint does not need detailed
15  factual allegations, "a plaintiff's obligation to provide the 'grounds' for his
16  'entitlement to relief requires more than labels and conclusions, and a formulaic
17  recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555
18  (citation omitted). Indeed, a complaint must "contain sufficient factual matter,
19  accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*
20  *Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). The Supreme
21  Court has held that:

22  > The plausibility standard is not akin to a "probability
23  > requirement," but it asks for more than a sheer possibility
    > that a defendant has acted unlawfully. Where a complaint
24  > pleads facts that are "merely consistent with" a defendant's
    > liability, it "stops short of the line between possibility and
25  > plausibility of 'entitlement to relief.'"

26
27  *Id.* (citations omitted).

28

---

3

**MEMORANDUM OF POINTS AND AUTHORITIES**

1    Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a

2    complaint for "failure to state a claim upon which relief can be granted." *See* Fed. R.

3    Civ. P. 12(b)(6). A complaint may be dismissed as a matter of law for failure to state a

4    claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts

5    under a cognizable legal theory. *Balistreri*, 901 F.2d at 699 (9th Cir.1990). In

6    determining whether the complaint states a claim on which relief may be granted, its

7    allegations of material fact must be taken as true and construed in the light most

8    favorable to plaintiffs. *See Love v. United States,* 915 F.2d 1242, 1245 (9th Cir.1990);

9    *see also Lazy Y Ranch Ltd. v. Behrens,* 546 F.3d 580, 588 (9th Cir.2008). The court

10   may properly look beyond the complaint only to items in the record of the case or to

11   matters of general public record. *Emrich v. Touche Ross & Company*, 846 F.2d 1190,

12   1198 (9th Cir. 1988). If the factual allegations in a complaint dot not raise the "right to

13   relief above the speculative level," the complaint may be dismissed for failure to state

14   a claim under Rule 12(b)(6). *Twombly*, 550 U.S. at 555.

15   **IV.    ANALYSIS**

16        A.    **PLAINTIFF'S WRONGFUL FORECLOSURE CLAIM IS NOT**

17              **RIPE**

18        Under California law, "a lender or foreclosure trustee may only be liable to the

19   mortgagor or trustor for wrongful foreclosure if the property was wrongfully or

20   illegally sold under a power of sale contained in a mortgage or deed of trust." *Nissim*

21   *v. Wells Fargo Bank, N.A*, 2014 WL 4421384, at *7 (N.D. Cal. 2014) (internal

22   quotations omitted) (citing *Rosenfeld v. JPMorgan Chase Bank, N.A.,* 732 F.Supp.2d

23   952, 961 (N.D. Cal. 2010)). While Plaintiff alleges that the Property was scheduled to

24   be sold at a public auction, (*see* Compl., ¶ 26), he does not allege that the sale was

25   actually completed. Absent evidence that the sale has been completed, Plaintiff cannot

26   state a claim against SPS for wrongful foreclosure. *See Nissim*, 2014 WL 4421384, at

27   * 7; *see also Foster v. SCME Mortgage Bankers, Inc.*, 2010 WL 1408108, at *4 (E.D.

28

4

Cal. 2010); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011).

**B.     PLAINTIFF HAS NOT OTHERWISE STATED A VIABLE CLAIM FOR WRONGFUL FORECLOSURE**

**1.     Failure to Satisfy Rule 8 Standard**

The basis for Plaintiff's wrongful foreclosure claim is not entirely clear. He alleges that he pursued a loan modification from BANA, who he identifies as a lender. (*See* Compl., ¶ 22). However, the record reflects that the lender of the Loan was CHL and the lender of the Credit Line was CB. (*See* Compl., **Exhibit A**). Making matters more confusing, Plaintiff fails to differentiate between the Loan and the Credit Line. Instead, he simply alleges that he pursued a modification of "the loan."[3] (*See* Compl., ¶ 23). More fundamentally, Plaintiff's allegations in support of his wrongful foreclosure claim are, for the most part, conclusory. There are no dates specified or any specific allegations regarding how the purportedly wrongful acts of Defendants damaged Plaintiff, who was admittedly over $120,000 in arrears on the Loan. In short, the Complaint does not contain sufficient factual matter to state a claim to relief that is plausible on its face, as required under rule 8.

**2.     Failure to Tender**

Under California law, the "tender rule" requires that an action to set aside a sale "for irregularities in sale notice or procedure" must be "accompanied by an offer to pay the full amount of the debt for which the property was security." *Arnolds Management Corp. v. Eisc hen*, 158 Cal.App.3d 575, 578, 205 Cal.Rptr. 15 (1984) (citing *Karlsen v. American Savings and Loan Association*, 15 Cal.App.3d 112, 117, 92 Cal.Rptr. 851 (1971)). Thus, any "cause of action 'implicitly integrated' with the irregular sale fails unless the trustor can allege and establish a valid tender." Id. at 579,

---

[3] The credibility of the allegations in the Complaint are severely undermined by the fact that the pleading includes erroneous references to non-party California Reconveyance Company ("CRC"). (*See* Compl., ¶ 31). CRC has no apparent connection to the Loan or Credit Line.

**MEMORANDUM OF POINTS AND AUTHORITIES**

92 Cal.Rptr. at 18. (citing *Karlsen*, 15 Cal.App.3d at 121, 92 Cal.Rptr. 851). The

Second District Court of Appeal explained the rationale for the rule as follows:

> The tender requirement is rooted in the equitable nature
> of an action to set aside a nonjudicial foreclosure.
> []Because the action is in equity, a defaulted borrower
> who seeks to set aside a trustee's sale is required to do
> equity before the court will exercise its equitable powers.
> [] Consequently, as a condition precedent to an action by
> the borrower to set aside the trustee's sale on the ground
> that the sale is voidable because of irregularities in the
> sale notice or procedure, the borrower must offer to pay
> the full amount of the debt for which the property was
> security. [] The rationale behind the rule is that if the
> borrower could not have redeemed the property had the
> sale procedures been proper, any irregularities in the sale
> did not result in damages to the borrower. []

*Multani v. Witkin & Neal*, 215 Cal.App.4th 1428, 1454, 155 Cal.Rptr.3d 892, 912

(2013).

Each of Plaintiff's enumerated causes of action is integrated with his contention

that the foreclosure proceedings against the Property were irregular. He must therefore

allege and establish a valid tender. *See Arnolds Management*, 158 Cal.App.3d at 579,

205 Cal.Rptr. at 18. Nothing in the Complaint establishes that Plaintiff is willing or

able to tender the full amount due on the Loan. Nor are there any allegations

demonstrating an exception to the tender rule. California courts have recognized

exceptions to the tender rule where: (1) the validity of the underlying debt is in

dispute; (2) the plaintiff has a counter-claim or setoff against the foreclosing party; (3)

it would be inequitable to apply the tender rule; or (4) the trustee's deed is void on its

face. *See Multani*, 215 Cal.App.4th at 1454-55, 155 Cal.Rptr.3d at 912.

None of the foregoing exceptions apply in this case. Plaintiff does not dispute

that he received the Loan proceeds or that the Loan is enforceable. Instead, he

challenges whether SPS complied with the terms of the Loan and California law in

enforcing the power of sale provisions under the Deed of Trust. Thus, the first

exception to the tender rule is inapplicable. The Complaint is notably devoid of any

allegations establishing that Plaintiff has a counter claim or setoff, thereby rendering

1    the second exception inapplicable. Given that Plaintiff is behind on over $120,000

2    worth of monthly payments, it would hardly be inequitable to impose the tender rule.

3    Finally, there is no allegation in the Complaint that a trustee's deed has been recorded,

4    let alone that it is void on its face. For the foregoing reasons, the Complaint should be

5    dismissed due to Plaintiff's failure to tender.

6                    **3.**    **Homeowner Bill of Rights**

7         To the extent Plaintiff's wrongful foreclosure is based on violations of

8    California's nonjudicial foreclosure statutes, it fails as  matter of fact and law. The

9    Complaint invokes three provisions of the California Civil Code, including sections

10   2923.5, 2935.2, and 2935.5. Since sections 2935.2 and 2935.5 do not actually exist,

11   SPS focuses its analysis on section 2923.5.

12                   **a.**    **Section 2923.5**

13        Section 2923.5 of the California Civil Code requires a "mortgagee, beneficiary,

14   or authorized agent" to "contact the borrower in person or by telephone in order to

15   assess the borrower's financial situation and explore options for the borrower to avoid

16   foreclosure." Cal. Civ. Code § 2923.5(a)(2). The statute provides that, during this

17   initial contact, the mortgage servicer "shall advise the borrower that he or she has the

18   right to request a subsequent meeting" and that, if such a meeting is requested, "the

19   mortgage servicer shall schedule the meeting to occur within 14 days." *Id.* To satisfy

20   the requirements of section 2923.5, a mortgage servicer is also required to provide the

21   borrower with "the toll-free number made available by the United States Department

22   of Housing and Urban Development (HUD) to find a HUD-certified housing

23   counseling agency." *Id.*

24        In the event that a mortgage servicer is unable to contact a borrower in

25   accordance with section 2923.5(a)(2), it may nevertheless record a notice of default if

26   "the failure to contact the borrower occurred despite the due diligence of the []

27   servicer." *See* Cal. Civ. Code § 2923.5(e). To establish that it acted with due diligence

28   to contact a borrower, a mortgage servicer must: (1) attempt to contact a borrower by

sending a first-class letter that includes the toll-free telephone number made available by HUD; (2) after the letter is sent, attempt to contact the borrower by telephone at least three times at different hours and on different days, or determine after attempting to make such contact that the primary and secondary numbers it has on file for the borrower have been disconnected; (3) if the borrower does not respond within two weeks after the telephone requirements have been satisfied, send a certified letter, with return receipt requested; (4) provide means for the borrower to contact it in a timely manner, including a toll-free telephone number with access to a live representative; and (5) post a prominent link on the homepage of its website that includes information on foreclosure avoidance options, including a list of documents required to be considered for such options and a toll-free telephone number. *See* Cal. Civ. Code §§ 2923.5(e)(1) – (5). A servicer must include a declaration with its notice of default that establishes its compliance with section 2923.5. *See* Cal. Civ. Code § 2923.5(b).

While Plaintiff alleges that BANA failed to contact him and provide him with the information required by section 2923.5, he does not allege sufficient facts to establish that the NOD altogether violated section 2923.5. Indeed, the Complaint does not allege that the beneficiary under the Deed of Trust *or its authorized agent* did not comply with section 2923.5. Rather, it focuses solely on BANA's failure to comply with the statute. As previously noted, BANA is the beneficiary of record under the Second Trust Deed. It has no apparent connection to the Loan. Moreover, the Complaint contains insufficient allegations to establish that the NOD did not satisfy the alternative due diligence requirements under section 2923.5(e).

Of course, this analysis assumes that section 2923.5 applies in the first instance. Because Plaintiff fails to specify whether his claim applies to the Loan or the Credit Line, it is not clear whether section 2923.5 is properly invoked. *See* Cal. Civ. Code § 2924.15 (providing that section 2923.5 applies only to first priority deeds of trust secured by owner-occupied residential real property). For that matter, Plaintiff does not include sufficient allegations to establish that the Property is owner occupied or no

**MEMORANDUM OF POINTS AND AUTHORITIES**

1   more than four dwelling units, as required for the application of section 2923.5. *See id.*

2   Based upon the foregoing, Plaintiff fails to establish that the NOD violated section

3   2923.5. There are otherwise insufficient allegations in the Complaint to invalidate the

4   NOD or NOS. It follows that Plaintiff's wrongful foreclosure claim should be

5   dismissed.

6   ## C.   PLAINTIFF FAILS TO STATE A CLAIM FOR NEGLIGENT

7   ## MISREPRESENTATION

8   Negligent misrepresentation is a form of deceit, the elements of which consist

9   of: (1) a misrepresentation of a past or existing material fact; (2) without reasonable

10   grounds for believing it to be true; (3) with intent to induce another's reliance on the

11   fact misrepresented; (4) ignorance of the truth and justifiable reliance thereon by the

12   party to whom the misrepresentation was directed; and (5) damages. *Fox v. Pollack*,

13   181 Cal.App.3d 954, 962, 226 Cal.Rptr. 532 (1986). It is well established in the Ninth

14   Circuit that claims for negligent misrepresentation must meet Federal Rule of Civil

15   Procedure 9(b)'s particularity requirements. *Neilson v. Union Bank of California,*

16   *N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003). "To comply with Rule 9(b),

17   allegations of fraud must be specific enough to give defendants notice of the particular

18   misconduct which is alleged to constitute the fraud charged so that they can defend

19   against the charge and not just deny that they have done anything wrong." *Bly–Magee*

20   *v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation and internal quotations

21   omitted).

22   In the context of a fraud suit involving multiple defendants, a plaintiff must, at a

23   minimum, "identif[y] the role of [each] defendant[ ] in the alleged fraudulent

24   scheme." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989).

25   Rule 9(b) does not allow a complaint to merely lump multiple defendants together but

26   "require[s] plaintiffs to differentiate their allegations when suing more than one

27   defendant…and inform each defendant separately of the allegations surrounding his

28   alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th

Cir. 2007). Satisfying rule 9 requires more than just setting forth facts about the time, place, and manner of fraudulent statements. *Tidenberg v. Bidz.com*, 2009 WL 605249, at *7 (C.D. Cal. 2009). Rather, the plaintiff must "set forth an explanation of why the statement or omission complained of was false and misleading." *Id.* (internal quotation and citation omitted).

Plaintiff's negligent misrepresentation claim falls well short of satisfying rule 9's specificity standard. He conclusorily alleges that the "named defendants…negligently represented that they would comply with the statutory disclosures required of a lending institution." (*See* Compl., ¶ 40). There is notably no differentiation between Defendants. Nor does the Complaint specify whether the alleged misrepresentations were made in connection with the Loan or the Credit Line. As it applies to SPS, Plaintiff's negligent misrepresentation claim is contradicted by Plaintiff's own allegations. Indeed, Plaintiff repeatedly alleges that his requests for foreclosure avoidance assistance were ignored. Thus, SPS could not have made an affirmative representation to him regarding his qualifications for foreclosure alternatives.

Assuming *arguendo* that Plaintiff satisfied the particularity requirements of rule 9 (he did not), the Complaint does not establish the necessary elements for a negligent misrepresentation claim. There are no allegations in the Complaint that SPS made a misrepresentation to Plaintiff with the intent to induce him into relying on it. More critically, Plaintiff does not allege to have taken any action in reliance on SPS's purported misrepresentation. The record otherwise reflects that Plaintiff was substantially delinquent on his repayment obligations under the Loan. Any loss of the Property was therefore directly attributable to him, not a representation made by SPS. For all the foregoing reasons, Plaintiff has failed to state a claim for negligent misrepresentation.

///

///

**MEMORANDUM OF POINTS AND AUTHORITIES**

## D.  **PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT**

The elements of a claim for breach of contract under California law are: (1) the existence of a contract; (2) performance by the plaintiff or excuse for nonperformance; (3) breach by the defendant; and (4) damages. *First Commercial Mortgage Co. v. Reece*, 89 Cal.App.4th 731, 745, 108 Cal.Rptr.2d 23 (2001). "Facts alleging a breach, like all essential elements of a breach of contract cause of action, must be pleaded with specificity." *Levy v. State Farm Mut. Auto. Ins. Co.,* 150 Cal.App.4th 1, 5, 58 Cal.Rptr.3d 54 (2007). General averments that the defendant violated a contractual obligation are insufficient. *See Bentley v. Mountain*, 51 Cal.App.2d 95, 98, 124 P.2d 91, 93 (1942) ("The allegations of the amended complaint to the effect that defendants 'violated' said contracts, or 'caused the violation' of said contracts by others, are mere conclusions of law which cannot strengthen the pleading in the absence of allegations of fact showing such violations.").

Plaintiff's breach of contract claim is baseless. He alleges that Defendants materially breached their contractual obligations. However, he does not specify whether his claim is based on the Loan or Credit Line, much less which specific provision of those agreements Defendants are alleged to have violated. To the extent his claim is based on the Loan, Plaintiff cannot maintain a claim for breach of contract because he admits to being in default under the Loan and has not alleged that he was excused from performing his obligations. This default also prevents Plaintiff from establishing the requisite damage element for a breach of contract claim. Plainly stated, Plaintiff's default, not any conduct on the part of SPS, triggered the power of sale provisions under the Deed of Trust. Since Plaintiff does not identify any specific term under the Deed of Trust that SPS violated in enforcing the power of sale provisions, he was not damaged. As a consequence, his breach of contract claim necessarily fails.

1    **E.    PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF THE**
2          **IMPLIED COVENANT**

3         California law implies a covenant of good faith and fair dealing in every

4    contract. *Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.,* 2

5    Cal.4th 342, 371, 6 Cal.Rptr.2d 467, 826 P.2d 710 (1992). The covenant is implied "to

6    prevent a contracting party from engaging in conduct which (while not technically

7    transgressing the express covenant) frustrates the other party's rights [to] the benefits

8    of the contract." *Marsu B.V. v. Walt Disney Co.,* 185 F.3d 932, 938 (9th Cir.1999)

9    (citing *Los Angeles Equestrian Ctr., Inc. v. City of Los Angeles,* 17 Cal.App.4th 432,

10   447, 21 Cal.Rptr.2d 313 (1993)). It is "well established that an implied covenant

11   cannot create an obligation inconsistent with an express term of the [contract]." *Nein*

12   *v. HostPro, Inc.*, 174 Cal.App.4th 833, 852, 95 Cal.Rptr.3d 34 (2009) (citing *Exxon*

13   *Corp. v. Superior Court*, 51 Cal.App.4th 1672, 1688, 60 Cal.Rptr.2d 195 (1997)).

14   Ultimately, the "implied covenant of good faith and fair dealing is limited to assuring

15   compliance with the express terms of the contract, and cannot be extended to create

16   obligations not contemplated by the contract." *Pasadena Live, LLC v. City of*

17   *Pasadena,* 114 Cal.App.4th 1089, 1093-1094, 8 Cal.Rptr.3d 233 (2004) (citation

18   omitted).

19        In addition to claiming that SPS is liable for breach of contract, Plaintiff alleges

20   that SPS violated the implied covenant of good faith and fair dealing. Like his breach

21   of contract claim, Plaintiff does not differentiate between Defendants or the loan

22   agreement at issue. He instead argues that Defendants breached the implied covenant

23   by failing to consider him for foreclosure avoidance alternatives. (*See* Compl., ¶¶ 58-

24   60). Simply stated, Plaintiff interprets the Loan as requiring SPS to forego foreclosure

25   and allow him to either modify the Loan or pay less than the full amount due

26   thereunder. Not surprisingly, the Complaint does not cite to any specific provision

27   within the Note or Deed of Trust that support the imposition of such a requirement.

28   This is because there are no such provisions. It would be inconsistent with the express

terms of the Loan to require SPS to renegotiate the terms upon Plaintiff's default. Such a variance in terms is an impermissible use of the implied covenant. *See Carma Developers (Cal.), Inc. v. Marathon Dev. California, Inc.*, 2 Cal. 4th 342, 374, 826 P.2d 710, 728 (1992) ("We are aware of no reported case in which a court has held the covenant of good faith may be read to prohibit a party from doing that which is expressly permitted by an agreement. On the contrary, as a general matter, implied terms should never be read to vary express terms."). Thus, Plaintiff's breach of the implied covenant claim fails as a matter of law.

### F.   PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF CAL. BUS. & PROF. CODE § 17200

California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*, prohibits any unlawful, unfair or fraudulent business act or practice. *See* Cal. Bus. & Prof. Code § 17200. Under the UCL, "unfair competition" means "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. When analyzing a UCL claim, courts consider each of the three prongs to determine whether a practice is unlawful, unfair, or fraudulent. *Cel–Tech Comms., Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 180, 83 Cal.Rptr.2d 548, 973 P.2d 527 (1999).

Pursuant to the Complaint, Plaintiff alleges that Defendants violated the UCL by engaging in unlawful conduct. (*See* Compl., ¶ 66). In other words, the Complaint only invokes the "unlawful" prong under the UCL. Plaintiff conclusorily alleges that Defendants engaged in unlawful conduct by violating sections 2924 and 2927 of the California Civil Code. (*See* Compl., ¶ 66). He also contends that Defendants failed to notify him of his right to cure (though he does not allege that he was willing and able to do so) and provided him with "false lending information." (*See* Compl., ¶ 66). For the reasons discussed below, Plaintiff has not alleged sufficient facts to state a claim under the UCL.

**MEMORANDUM OF POINTS AND AUTHORITIES**

503061.1

1

### 1.   <u>Plaintiff Lacks Standing</u>

A claim for unfair competition under the UCL may be brought "by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. Accordingly, to establish standing under the UCL, a plaintiff must: (1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact (i.e., economic injury); and (2) show that that economic injury was the result of (i.e., caused by) the unfair business practice that is the gravamen of the claim. *Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 337, 120 Cal.Rptr.3d 741, 246 P.3d 877 (2011). There is no causation "when a complaining party would suffer the same harm whether or not a defendant complied with the law." *Daro v. Superior Court*, 151 Cal.App.4th 1079, 1099, 61 Cal.Rptr.3d 716 (2007).

As an initial matter, Plaintiff lacks standing to assert a claim under the UCL because he has not suffered an economic injury. According to Plaintiff, he has suffered "injury in fact and lost money and property, including, but not limited to loss of money invested in the residence." (*See* Compl., ¶ 67). Aside from this conclusory allegation, the Complaint is devoid of sufficient facts to prove a causal relationship between these purported damages and SPS's allegedly unfair business practices. Instead, the record reflects that any loss incurred by Plaintiff was directly attributable to him, not SPS. Indeed, Plaintiff failed to timely tender the payments due on the Loan. It was this failure that resulted in the acceleration of the sums due on the Loan and the scheduling of the trustee's sale. Importantly, Plaintiff would have suffered this same harm irrespective of SPS's actions. Based upon the foregoing, Plaintiff has not established the requisite damages for a UCL claim. Therefore, he lacks standing under the UCL.

### 2.   <u>Unlawful</u>

Under the UCL's "unlawful" prong, violations of other laws are "borrowed" and made independently actionable under the UCL. *Cel–Tech Comms.*, 20 Cal.4th at

14

180, 83 Cal.Rptr.2d at 548. Thus, a violation of another law is a predicate for stating a cause of action under the UCL's unlawful prong. *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1554, 62 Cal. Rptr. 3d 177, 185 (2007). A claim for violation of the UCL stands or falls depending on the fate of antecedent substantive causes of action. *Krantz v. BT Visual Images*, 89 Cal.App.4th 164, 178, 107 Cal.Rtpr.2d 209 (2001).

Plaintiff's claim under the "unlawful" prong of the UCL fails for the simple reason that he has not stated a viable antecedent claim. More specifically, each of Plaintiff's substantive claims is legally deficient. As previously discussed, he has not alleged sufficient facts to state a claim for violations of the HBOR. He has not otherwise established that the foreclosure proceedings against the Property violated California law or the Loan terms. Judicially noticeable facts reflect that Plaintiff was given notice of his right to cure, notwithstanding his contention to the contrary. (*See* Compl., **Exhibit A** (NOD); RJN, **Exhibit C**). Any claim that SPS violated the UCL by misrepresenting the nature of the Loan fails for two reasons. First, SPS did not originate the Loan. Second, any UCL claim based on unlawful conduct in connection with the origination of the Loan is time-barred. *See Cansino v. Bank of Am.*, 224 Cal. App. 4th 1462, 1475, 169 Cal. Rptr.3d 619, 630 (2014) ("The statute of limitations for a UCL violation is four years."). Absent a viable antecedent claim, Plaintiff cannot state a separate claim under the unlawful prong of the UCL. Accordingly, his UCL claim necessarily fails.

///
///
///

15

**MEMORANDUM OF POINTS AND AUTHORITIES**

1

## V.       <u>CONCLUSION</u>

2

For the reasons set forth herein, Plaintiff's Complaint should be dismissed.

3   DATED: November 10, 2014          **McGLINCHEY STAFFORD**

4

5                                                          By: _/s/  Brian A. Paino_____
6                                                               BRIAN A. PAINO
                                                                 JOHN CALVAGNA
7                                                               HASSAN ELRAKABAWY
                                                     Attorneys for *Defendant* **SELECT**
8                                                    **PORTFOLIO SERVICING, INC.**
                                                     **(erroneously named as "Select Portfolio**
9                                                    **Services, Inc.")**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

503061.1